**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>         **Plaintiff,**<br><br>vs.<br><br>**DENISE CHRISTY,**<br><br>         **Defendant.** | **Case No. 15-40091-01-DDC** |

### MEMORANDUM AND ORDER

At the close of the government's evidence at trial, defendant Denise Christy orally moved under Fed. R. Crim. P. 29(a) for a judgment of acquittal on every charge in the Indictment (Doc. 1). The court denied Ms. Christy's motion on all counts, except Counts 18 and 19. The court reserved decision on these two counts pending the jury's verdict. *See* Fed. R. Crim. P. 29(b). On January 12, 2017, the jury returned a guilty verdict on Counts 18 and 19. Doc. 51 at 18–19. So, the court now returns to Ms. Christy's motion for judgment of acquittal on Counts 18 and 19.

Counts 18 and 19 of the Indictment charged Ms. Christy with money laundering under 18 U.S.C. § 1956(a)(1)(A)(ii). Doc. 1 at 16–17. This law makes it a crime knowingly to use the proceeds of specified unlawful activity with the intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986. Count 18 asserted that Ms. Christy had made a loan payment in the amount of $4,200 on March 17, 2014, knowing that the property involved in that financial transaction represented the proceeds of some form of unlawful activity, that is, bank embezzlement. Doc. 1 at 17. Count 19 also asserted that Ms. Christy had made a loan payment in the amount of $4,200 on March 17, 2014, knowing that the

property involved in that financial transaction represented the proceeds of bank embezzlement. *Id.*

At trial, the government presented evidence of Ms. Christy's March 17, 2014 loan payments, but the amounts did not comport with the $4,200 figure charged in the Indictment. So, the government moved to amend the amounts asserted in Counts 18 and 19. It asked to amend the amount charged in Count 18 from $4,200 to $1,000, and the amount charged in Count 19 from $4,200 to $3,200.

The court granted the government's request to amend on the record. In its oral ruling, the court explained that, although amendments to the Indictment generally are prohibited, a court may amend an indictment to correct matters of form. *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984). And, the Tenth Circuit requires a finding of prejudice to the defendant before it will hold that an amendment is impermissible. *Id.* Here, the court concluded that the government's proposed amendments were not substantive amendments to the Indictment because: (1) they did not modify an essential element of the offense, and (2) no possibility existed that the jury could convict Ms. Christy of an offense other than the ones charged in the Indictment. Instead, as the court explained, the proposed amendments were matters of form. And, the court concluded that the amendments were permissible because they did not change the charged offense, were sufficiently definite and certain, and did not surprise or prejudice Ms. Christy. The court thus granted the government's motion to amend the Indictment for the amounts charged in Counts 18 and 19.

To deserve a judgment of acquittal on Counts 18 and 19, the court must find that "[a]fter the government closes its evidence . . . the evidence is insufficient to sustain a conviction" on those counts. Fed. R. Crim. P. 29(a). Having reserved decision on the motion, the court decides

"the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

When reserving its decision on the motion for judgment of acquittal on Counts 18 and 19, the court acknowledged Ms. Christy's earlier citation to *United States v. Farr*, 536 F.3d 1174 (10th Cir. 2008), as support for its argument that the evidence presented failed to support a conviction on those two counts. While *Farr* did not address a Rule 29 motion, reserving its ruling on Ms. Christy's motion provides an opportunity to look at the Indictment amendment motion one last time.

In *Farr*, a jury had convicted defendant of tax fraud. *Id.* at 1176. The indictment charged defendant with willfully attempting to evade and defeat quarterly employment taxes. *Id.* at 1180. But, at trial, one of the government's witnesses testified that quarterly employment taxes are owed by an employer, not an individual. *Id.* And, since the witness conceded that defendant was not the employer, she owed no quarterly employment taxes. *Id.* Given this evidence, the government switched course, alleging that defendant had committed tax fraud by failing to pay an IRS penalty assessed against her personally. *Id.* But the indictment had not charged her with this conduct. *Id.* The trial court had tried to "save the trial" by giving an instruction that the jury could treat a failure to pay the penalty and a failure to pay quarterly taxes as "the same thing." *Id.* at 1180–81. On appeal, the Circuit held that the trial court had erred by giving this instruction because it "essentially allowed the jury to consider two possible bases for conviction—the flawed one outlined in the indictment and another more accurate one added at trial." *Id.* at 1181. Thus, the jury instruction and the government's evidence at trial constituted an impermissible constructive amendment to the indictment. *Id.* at 1180–81.

To reach this conclusion, the Tenth Circuit explained that the indictment's "language . . . becomes an essential and delimiting part of the charge itself, such that '[i]f an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars.'" *Id.* at 1181 (quoting *United States v. Bishop*, 469 F.3d 896, 902, 903 (10th Cir. 2006)). The Circuit thus found that "[b]y charging [defendant] with willfully attempting to defeat the 'payment of the quarterly employment tax . . . due and owing by her,' the indictment effectively limited the first element of [the tax fraud charge] to liability for quarterly employment taxes which she purportedly owed." *Id.* And, "[f]rom that point on, absent a proper amendment to the indictment by the grand jury, the government was not free to prove any other tax liability at trial." *Id.* (citation omitted).

The issue that concerns the court now is the same one that gave the court pause when it ruled the government's motion to amend the Indictment. That is, when the government asked the grand jury to indict Ms. Christy for laundering $4,200 twice on March 17, 2014 (doc. 1 at 17), did it make the Indictment's language "an essential and delimiting part of the charge itself" so that the jury instructions "must comport with those particulars." *Farr*, 536 F.3d at 1181.

While the issue is a close one, the court again concludes that *Farr* materially differs from this case. Here, the government recognized and squarely addressed the dissonance between its trial evidence (showing that Ms. Christy allegedly had laundered $1,000 and $3,200 on March 17, 2014) and the Indictment's specifics (contending she twice laundered $4,200 on that date). As it explained when it ruled the motion to amend, the court did not (and does not) view those changes as substantive ones but, instead, matters of form. It is here that *Farr* may differ. As the Circuit explained in *Farr*, the indictment in that case "effectively limited the first *element*" of the

4

tax fraud charge by describing the conduct that defendant allegedly had engaged in, that is, failing to pay quarterly employment taxes. *Farr*, 536 F.3d at 1181.

*Farr*'s holding confirms that an impermissible constructive amendment occurs when the indictment charges a defendant with specific conduct but the evidence at trial and the jury instructions permit conviction for different conduct not charged by the grand jury. *See*, *e.g.*, *Stirone v. United States*, 361 U.S. 212, 217 (1960) (holding that an impermissible amendment to the indictment occurred because defendant was charged with obstructing sand importation but the evidence at trial showed interference with steel exportation); *United States v. Bishop*, 469 F.3d 896, 901–04 (10th Cir. 2006), *abrogated in part on other grounds by Gall v. United States*, 552 U.S. 38 (2007) (holding that a constructive amendment occurred because the indictment charged defendant with illegally possessing a firearm, but the evidence at trial showed that defendant illegally possessed ammunition).

In contrast here, the government's amendment did not charge Ms. Christy with different conduct. It charged her with the same conduct—money laundering. And, it amended only the monetary amounts that were listed in the Indictment but are not essential elements of the offense. Under these facts, the court concluded that no impermissible amendment occurred. *See*, *e.g.*, *United States v. DeChristopher*, 695 F.3d 1082, 1094–95 (10th Cir. 2012) (holding no constructive amendment when the jury instructions omitted three allegations from the indictment because the allegations were not essential elements of the offense and their omission did not allow the jury to convict defendant of an offense different than the one charge by the indictment); *United States v. Rucker*, 417 F. App'x 719, 723–24 (10th Cir. 2011) (holding no constructive amendment because the gun described in the indictment was the same gun produced at trial and which the jury convicted defendant of possessing, and defendant proved no prejudice

5

from slight deviations in the indictment's description of the weapon); *United States v. Jordan*, No. 12-10203-01-MLB, 2013 WL 1151495, at *2 –3 (D. Kan. Mar. 20, 2013) (holding no constructive amendment occurred when the indictment charged defendant with possessing about 3 grams of heroin but the evidence at trial established that defendant possessed about 8 grams because the quantity of drugs did not modify an essential element of the offense and defendant sustained no prejudice). *See also United States v. Ross*, 210 F.3d 916, 923 (8th Cir. 2000) (holding that "the [trial] court's elimination of the dollar value of the scheme to defraud was merely . . . an innocuous alteration to remove 'surplusage' and did not violate [defendant's] right to indictment by a grand jury" especially "given the fact that the indictment clearly set forth the scope of the scheme to defraud" and defendant "failed to show that the elimination of the language at issue prejudiced his defense [because] it did not add to the general allegations in the original indictment and neither eliminated an essential element of the crime of wire fraud nor resulted in any surprise at trial").

Also, the amendments did not impermissibly "broaden[ ] the possible bases for conviction beyond those found in the operative charging document." *Farr*, 536 F.3d at 1180 (citing *United States v. Miller*, 471 U.S. 130, 138–40 (1985) (further citations omitted)). To the contrary, the Indictment's amendments assert that Ms. Christy conducted, or attempted to conduct financial transactions in *smaller* amounts than those the grand jury found probable cause to charge her with in the Indictment. In sum, the amendment here did not substitute one set of elemental allegations for another.

With that ratification, the court now turns to the precise issue it reserved under Rule 29(b): Did sufficient evidence exist for the jury to convict Ms. Christy on Counts 18 and 19, as amended? The court finds that it did. The government presented evidence from which the jury

could infer that Ms. Christy engaged in money laundering on March 17, 2014, by making one loan payment for $1,000, and another loan payment for $3,200, both in violation of 18 U.S.C. § 1956(a)(1)(A)(ii). The court thus denies Ms. Christy's oral Rule 29 motion for judgment of acquittal on Counts 18 and 19.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2017, at Topeka, Kansas.

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**