# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DENISE CHRISTY,

    Defendant.

Case No. 15-40091-01-DDC

## MEMORANDUM AND ORDER

The court sentenced defendant Denise Christy on May 5, 2017. Doc. 73. Ms. Christy has filed a Motion for Release Pending Appeal. Doc. 75. This motion asks the court to order Ms. Christy's release under 18 U.S.C. § 3143(b), while she appeals her criminal convictions to the Tenth Circuit. The court denies Ms. Christy's motion.

Section 3143 of Title 18 of the United States Code requires detention of a person "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     (i)    reversal,
>
>     (ii)    an order for a new trial,
>
>     (iii)    a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added).

The court applies a two-step analysis to determine whether to release a defendant pending appeal under this statute. *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). First, the court must determine that the appeal raises a "substantial" question of law or fact. *Id.* at 952. Second, the court must find that "if that substantial question is determined favorably to defendant on appeal, [then] that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). The Tenth Circuit has described what constitutes a "substantial question" this way: "[O]ne of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Ms. Christy's motion never argues that her appeal raises a "substantial question." Instead, she just argues that she poses no flight risk and is not a danger to the community. Nevertheless, the court has conducted an independent review of the factual and legal issues that Ms. Christy raised in her case. The court finds no such question exists.

The court thoroughly considered and denied Ms. Christy's Motion for Judgment of Acquittal and Motion for New Trial. Doc. 70. The court properly concluded that the government presented sufficient evidence for a reasonable jury to convict Ms. Christy on all the crimes charged. *Id.* at 9–17. The court also concluded that none of the grounds raised in Ms. Christy's Motion for New Trial warranted a new trial in the interest of justice. *Id.* at 18–28. So, the court finds no reason to conclude that Ms. Christy is likely to succeed on appeal.

The court thus finds that Ms. Christy is not entitled to release pending appeal under 18 U.S.C. § 3143(b). The court denies her motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Denise Christy's Motion for Release Pending Appeal (Doc. 75) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2017, at Topeka, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**